**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

KIM E. AYVAZIAN
MASTER IN CHANCERY

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947
AND
NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19980-3734

August 11, 2016

Daniel Shaw
25 Balfour Avenue
Claymont, DE 19703

Donald E. Shaw
105 Wentworth Avenue
Claymont, DE 19703

RE:    Daniel Shaw v. Ronald Shaw and Donald Shaw
       Civil Action No. 10658-MA

Dear Parties:

Pending before me are Plaintiff Daniel Shaw's Motion for Summary Judgment and Defendant Donald Shaw's Motion for Judgment on the Pleadings in this complaint to quiet title to real property located at 25 Balfour Avenue, Claymont, Delaware (hereinafter "the Property"). Both parties are *pro se* and, for the sake of clarity, I will refer to them by their first names.

The parties do not dispute that they obtained title to the Property as tenants in common following their father's death in 2004. After Daniel was incarcerated in 2006, Donald continued to reside in the house on the Property until the building

was condemned by New Castle County in 2008. At that time, Donald allegedly sold his undivided one-half interest in the Property to another one of his brothers, Ronald Shaw. On February 13, 2015, Daniel filed a *pro se* complaint against Donald and Ronald, seeking to quiet title to the Property in his name and Ronald's name.[1] Attached to the complaint was an unsigned draft deed purporting to convey the Property from Daniel, Ronald, and Donald, as parties of the first part, to Daniel and Ronald, as parties of the second part.[2] Service of process of Daniel's complaint was perfected on Donald on March 13th,[3] but the sheriff was unable to serve Ronald at the address provided by Daniel.[4] In his Answer filed on March 25, 2015, Donald denied that Ronald had purchased his interest in the Property.[5] Donald also raised several defenses, including ouster and Daniel's lack of standing to bring this action.

During a status hearing on August 11, 2015,[6] I recommended that the parties obtain legal counsel and expressed my concern that Ronald had not been made a party to this action.[7] After thirty days had passed without the entry of appearance

---

[1] Docket Item ("DI") 1.
[2] DI 5.
[3] DI 11.
[4] DI 10.
[5] DI 12.
[6] DI 15.
[7] At the hearing, Daniel informed the Court that he had hand delivered a copy of the complaint to Ronald; however, service of process on Ronald was never perfected. *See* Court of Chancery Rule 4(c).

of counsel for either party, the Court issued a scheduling order on October 5, 2015.[8] Dispositive motions were due to be filed by January 15, 2016. On January 6, 2016, Daniel filed a *pro se* Motion for Summary Judgment under Court of Chancery Rule 56, now seeking to quiet title of the Property in his sole name.[9] On January 15, 2016, Donald filed a *pro se* Motion for Judgment on the Pleadings under Court of Chancery Rule 12(c), seeking dismissal of Daniel's complaint for lack of standing, among other arguments, and requesting that the Property be sold at auction with the proceeds to be equally divided between himself and his brother Daniel.[10] Both motions have now been fully briefed.

After reviewing Donald's motion for judgment on the pleadings, I conclude that Daniel lacks standing to assert a claim seeking to quiet title to an undivided one-half interest in the Property in Ronald's name. In order to have standing, a party must have:

---

[8] DI 16.

[9] DI 25. Although the grounds for Daniel's requested relief are not spelled out, it appears that Daniel is now claiming ownership of the entire Property on a theory of adverse possession. According to his motion, Daniel has been holding himself out to the public as the sole owner of the Property since 2010. As a matter of law, however, any adverse possession claim would fail because the statutory 20-year period has not yet run. *See Tumulty v. Schreppler*, 132 A.3d 4, 23-24 (Del. Ch. 2015); 10 *Del. C.* § 7901. Nevertheless, I do not need to address either Daniel's *de facto* amendment to his complaint or Daniel's motion for summary judgment because Donald's motion for judgment on the pleadings, if approved by the Court, would finally determine this matter.

[10] DI 28.

suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.[11]

Daniel was not a party to any alleged agreement between Donald and Ronald. Therefore, Daniel is merely an intermeddler,[12] seeking to interfere in a possible dispute between his two brothers over ownership of an undivided one-half interest in the Property. Whether Donald sold his undivided one-half interest in the Property to Ronald or not has no effect on Daniel's title to his undivided one-half interest in the Property. Daniel has suffered no injury, i.e., no invasion of his legally protected interest in the Property, as a result of Donald's alleged failure to execute a deed conveying Donald's undivided one-half interest in the Property to Ronald. Accordingly, I recommend that the Court approve Donald's motion for judgment on the pleadings, and dismiss Daniel's complaint for lack of standing.

Daniel has taken exception to my conclusion that he has no standing to assert a claim seeking to quiet title to an undivided interest in the Property in Ronald's name. Daniel argues that he has the right to enforce the contract

---

[11] *Vichi v. Koninlijke Philips Electronices N.V.*, 62 A.3d 26, 38 (Del. Ch. 2012) (quoting *Dover Historical Soc'y v. City of Dover Planning Comm'n*, 838 A.2d 1103, 1110 (Del. 2003)).

[12] *In re Patalone*, 2011 WL 6357794, at *2 (Del.Ch. Dec. 9, 2011).

between his brothers Donald and Ronald because it affects him. Daniel appears to be arguing that he is a third-party beneficiary of the contract between his two brothers in which Donald agreed to sell his undivided one-half interest in the Property to Ronald for $10,000. Daniel contends that under the "Contracts (Rights of third parties) Act 1999,"[13] he can enforce a contract that benefits him in some way and on which he relied. Donald opposes the exception, arguing that there was never any written contract nor was full consideration ever paid to him under the terms of a contract to convey his interest in the Property to Ronald. Also, he argues that there is currently no dispute between Donald and Ronald for the Court to settle.

Daniel is invoking the uncertain terms of an alleged oral agreement between Donald and Ronald -- an agreement to convey Donald's undivided interest in the Property he owns jointly with Daniel to his brother Ronald -- as grounds for removing Donald's name from the deed to the Property. Even if I assumed that there was an enforceable contract between Donald and Ronald, there are no allegations in the complaint that Daniel was an intended beneficiary of this contract. Under Delaware law, an incidental beneficiary of a contract does not

---

[13] Daniel includes a lengthy excerpt from the above-cited reference. Unfortunately, he fails to provide a complete citation so it is unclear whether he is referring to a statute, treatise, other secondary legal source, or something else entirely.

have standing to enforce the terms of an agreement to which he was not a party. [14]

The exception to this rule is where:

> (1)The contracting parties … intended that the third party beneficiary benefit from the contract, (ii) the benefit [was] intended as a gift or in satisfaction of a pre-existing obligation to that person, and (iii) the intent to benefit the third-party [was] a material part of the parties' purpose in entering into the contract. [15]

Daniel failed to plead facts sufficient to support a claim that he was the third-party beneficiary of the alleged agreement between Donald and Ronald. Therefore, I see no reason to modify my conclusion that Daniel lacks standing to enforce the agreement, and am dismissing Daniel's exception.

For the reasons stated above, I recommend that the Court approve Donald's motion for judgment on the pleadings, and dismiss Daniel's complaint for lack of standing. Although Donald has requested a court-ordered sale of the Property, there is no pending petition for a partition under 25 *Del. C.* § 701. Should the parties be unable to agree on the future disposition of the Property after this report becomes final, then partition may be sought in a separate action. I refer the parties

---

[14] *Lechliter v. Delaware Dept. of Natural Resources,* 2015 WL 7720277, at *4 (Del. Ch. Nov. 30, 2015) (citing *Triple C Railcar Serv., Inc. v. City of Wilmington*, 630 A.2d 629, 634 (Del. 1993)).

[15] *Id.* at *5 (quoting *Comrie v. Enterasys Networks, Inc.*, 2004 WL 293337, at *3 (Del. Ch. Feb. 17, 2004) (citing *Madison Realty Partners 7, LLC*, 2001 WL 406268, at *5 (Del. Ch. Apr. 17, 2001)).

to Court of Chancery Rule 144 for the process of taking exception to a Master's Final Report.

Respectfully,

/s/ Kim E. Ayvazian

Kim E. Ayvazian
Master in Chancery

KEA/kekz
cc:     Ronald R. Shaw